IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,215 & AP-75,216






EX PARTE WESLEY EARL MASSOTH, Applicant








ON APPLICATION FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 917,686 & 917,687 IN THE 208TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.



O P I N I O N





 These are post-conviction applications for writs of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant received two felony
convictions for aggravated sexual assault of a child, and punishment was assessed at life
imprisonment on each cause. Applicant appealed, and his convictions were affirmed.
Massoth v. State, Nos. 14-03-00605-CR & 14-03-00606-CR (Tex. App. -- Houston [14th
Dist.], delivered June 22, 2004, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not notify him that he could seek
discretionary review, pro se. The trial court, based upon an affidavit from appellate counsel,
recommended that relief be granted. The record reflects that counsel did not inform
Applicant that he could file a petition for discretionary review from his convictions.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file out-of-time petitions for discretionary review from his convictions in cause numbers 917,686 &
917,687 from the 208th Judicial District Court of Harris County. Applicant is ordered
returned to the point at which he can file meaningful petitions for discretionary review. For
purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if
the Court of Appeals' decision had been rendered on the day the mandate of this Court
issues. We hold that should Applicant desire to seek discretionary review, he must take
affirmative steps to see that his petition is filed in the Court of Appeals within thirty days of
the date the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: July 27, 2005

DO NOT PUBLISH